IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN D. CUMMINGS,            )
                             )
          Plaintiff,         )
                             )
     v.                      )    1:17cv196
                             )
NEVZETA RAHMATI, et al.,     )
                             )
          Defendants.        )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action for lack of subject matter jurisdiction.

**LEGAL STANDARD**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256–57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider subject matter jurisdiction as part of its frivolity review. Overstreet v. Colvin, 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise

only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, bears the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## INTRODUCTION

Asserting jurisdiction pursuant to "5.1.A Section 1983 42 U.S.C., 25 C.F.R. 11.411 Criminal Trespass[,] the Constitution of the United States of America and it[s] rights privileges and immunities[, and] the 14th Amendment Due Process Clause," Plaintiff initiated this action against Nevzeta Rahmati, Habibollah Rahmati, NC Auto Dealer Inc., and Hook and Go Towing (collectively, the "Defendants"). (Docket Entry 2 at 1 (all-caps font omitted)).[1]

---

[1] Public records reflect that Habibollah Rahmati serves as the president and registered agent, and Nevzeta Rahmati serves as the secretary, of NC Auto Dealer Inc. See North Carolina Department of the Secretary of State, https://www.sosnc.gov/Search/profcorp/9597496 (last visited Mar. 27, 2017). The Court may consider public records in assessing the

-3-

According to the Complaint, Defendants, collectively and/or individually, used an unauthorized GPS tracking device on Plaintiff's vehicle, unlawfully trespassed upon property located in Greensboro, North Carolina, illegally repossessed Plaintiff's vehicle, and, through that repossession, improperly converted Plaintiff's personal belongings located in the vehicle. (Id. at 1-2.) The Complaint further asserts that Defendants have refused to return Plaintiff's vehicle and personal belongings. (Id. at 2.) Finally, the Complaint alleges that Defendants' acts violated Plaintiff's due process rights, as well as his "civil rights privileges and immunities of the Constitution of the United States of America." (Id. at 3 (all-caps font omitted).) For relief, Plaintiff requests monetary damages. (Id. at 2-3.)

## ANALYSIS

Federal courts "have original jurisdiction of all civil actions arising under the Constitution[ and] laws . . . of the United States." 28 U.S.C. § 1331.[2] Here, the Complaint asserts

---

Complaint. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (recognizing that courts "may properly take judicial notice of matters of public record"); Reid v. State of North Carolina, No. 3:09CV541, 2010 WL 890263, at *3 (W.D.N.C. Mar. 8, 2010) (taking judicial notice of public records when conducting in forma pauperis review under Section 1915(e)(2)).

[2] Federal courts also maintain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under Section 1332(a), original "jurisdiction does not exist unless *each*

federal jurisdiction under both 25 C.F.R. § 11.411 and 42 U.S.C. § 1983. (Docket Entry 2 at 1.)[3] As an initial matter, 25 C.F.R. § 11.411 constitutes a federal regulation prohibiting trespass upon Indian reservations. See United States v. King, No. 4:08-cr-8, 2008 WL 4710744, at *9 (D. Alaska Oct. 24, 2008) (explaining that 25 C.F.R. § 11.411 "describes the offense of criminal trespass" and "applies to Indian reservations"). The Complaint lacks any factual matter to suggest that Defendants trespassed upon an Indian reservation. (See Docket Entry 2 at 1-3.) Because the Complaint fails to allege that Defendants trespassed onto an Indian reservation, 25 C.F.R. § 11.411 cannot serve as the basis for federal jurisdiction over this matter.

Turning to the Complaint's remaining purported jurisdictional basis, to bring a 42 U.S.C. § 1983 claim, Plaintiff must "establish

---

defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). In this case, the Civil Cover Sheet asserts that Plaintiff and at least one defendant qualify as citizens of North Carolina (Docket Entry 3 at 1), thus precluding original jurisdiction over this action under Section 1332(a). Moreover, the Complaint expressly invokes only federal question jurisdiction. (See Docket Entry 2 at 1 (asserting jurisdiction under a federal law and regulation).) Accordingly, the Court lacks diversity jurisdiction over this matter.

[3] With respect to Plaintiff's jurisdictional references to the United States Constitution, 42 U.S.C. § 1983 provides the statute upon which Plaintiff could bring a federal action for violations of his constitutional rights. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (explaining that Section 1983 authorizes an action for deprivations of federal constitutional rights committed by state actors).

-5-

that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed [by a person acting] under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999) (emphasis added). "A person acts under color of state law only when exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bailey v. Prince George's Cty., 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Put another way, "[t]he person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see also Bailey, 34 F. Supp. 2d at 1026 ("The alleged infringement of federal rights must be fairly attributable to the state." (citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982))). "In general, private companies and corporations do not act under color of state law." Ellis v. Santander Consumer USA, Civ. Action No. 13-2099, 2013 WL 3753624, at *5 (W.D. Tenn. July 15, 2013).

Here, Plaintiff asserts claims against two private companies, Hook and Go Towing and NC Auto Dealer Inc., and two private persons, Nevzeta Rahmati and Habibollah Rahmati, who serve as officers of NC Auto Dealer Inc. (Docket Entry 2 at 1.)

-6-

Case 1:17-cv-00196-LCB-LPA   Document 5   Filed 03/30/17   Page 6 of 8

Importantly, the Complaint contains no factual matter suggesting that any defendant (1) works as a state official, (2) acted in concert with a state official, or (3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1-3.) Accordingly, Defendants' alleged conduct qualifies as private, rather than state, action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). Section 1983 cannot therefore provide the grounds for federal jurisdiction over this matter. See American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)); see also Ellis, 2013 WL 3753624, at *5 (explaining that Section 1983 claims grounded upon the repossession of the plaintiff's vehicle failed as a matter of law because "[t]here are no allegations whatsoever in the complaint that reasonably suggest that [the defendant] engaged in conduct that could be construed as 'state action'").

As a final matter, the Complaint appears to assert state-law claims of trespass to real property, fraud, and conversion regarding Defendants' alleged repossession of Plaintiff's vehicle. (See Docket Entry 2 at 1-2.) However, "Section 1983 provides no

-7-

Case 1:17-cv-00196-LCB-LPA   Document 5   Filed 03/30/17   Page 7 of 8

remedy for common law torts." Bailey, 34 F. Supp. 2d at 1027 (citing Street v. Surdyka, 492 F.2d 368, 371 (4th Cir. 1974)).

Under these circumstances, the Complaint fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

                                       /s/ L. Patrick Auld
                                       **L. Patrick Auld**
                      **United States Magistrate Judge**

March 30, 2017